IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

IN RE: )
)
H.M. OF TOPEKA, LLC, ) Case No. 08-20827-11-RDB
)
Debtor. )
)

### DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW the above named Debtor by and through its attorney Richard C. Wallace of Evans & Mullinix, P.A., and moves this Court for an Order reconsidering the Order granting a Motion for Relief from Automatic Stay to Valley View State Bank pursuant to FRBP 7052, 9023, and/or 9024. In support of this Motion, the Debtor states the following:

1. The information listed in the original Petition, in each Disclosure Statement, and the Plans indicating that there was a secured debt due and owing to the law firm known as Sloan, Eisenbarth, Glassman, McEntire & Jarboe, LLC was incorrect.

2. The fact that a debt was owed was correct, the amount of the debt owed was correct, and the fact that the debt was secured by a mortgage on real estate owned by the Debtor was correct, see attached Exhibit A.

3. The actual creditor was Sloan Investment, LLC, see attached Exhibit B.

4. The basis of the debt from HM to Sloan Investment, LLC, was the purchase of Sloan Investment's interest in real estate now owed by the Debtor.

5. Debtor submits that the result of this transaction should not qualify it as an insider and disqualify its ability to vote for the Plan as an impaired secured creditor.

6. The Debtor further directs the Court's attention to the fact that Shawnee County is also a secured creditor not holding a priority claim, but a secured claim for personal property taxes.

7. The Debtor submits that Shawnee County's claim for unpaid personal property tax is an impaired class which should have an opportunity to vote on a Plan.

8. The Debtor submits that the valuation of the property is a determination to be made "as of the effective date of the plan", 11 USC 1129 a (7).

9. The value asserted by the creditor is based upon an appraisal obtained by the Creditor in early 2008, and is substantially lower than the appraisal done in a 2006 appraisal obtained by the Creditor.

10. Debtor questions how commercial property can decrease in appraised value even though the incomes generated by the stores was more in 2008 than it was in 2006.

11. The principal of the Debtor will testify that, in his opinion, the value of the real estate and businesses on the real estate exceeds the claim of the Valley View Bank by, at least, ten per cent (10%).

11. The Plan circulated by Debtor provided payment of certain sums to reduce principle which would create equity using the Creditor's valuation to which the mortgage of Sloan Investments, LLC could attach.

12. If the valuation of the property were established by this Court for purposes of the effective date of the plan, and it was higher than the valuation asserted by the creditor Valley View Bank, then the secured claim of Sloan Investment, LLC would be a secured claim, and not as the Court assumed at the last hearing an unsecured claim.

WHEREFORE, Debtor asks for the Court to reconsider its Order granting relief from the automatic stay to Valley View Bank as ordered on July 29th, 2009 pursuant to FRBP 7052, 9023, and/or 9024, In re Prince 85 F.3d 314, and allow the Debtor an opportunity to circulate an Amended Disclosure Statement and Plan pursuant to 11 USC 1127 for voting and confirmation.

EVANS & MULLINIX, P.A.

s/ *Richard C. Wallace*
Richard C. Wallace; KS #7536
Colin N. Gotham, KS #19538
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (FAX)
Attorneys for H.M. of Topeka, LLC

414630

CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF) System on the date entered on the court's docket.

                                        */s/Richard C. Wallace*
                                        Richard C. Wallace

414630